# EXHIBIT A

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO: 502024CA007765XXXXMI
DIVISION: 44

LISARDO MANZANET GARCIA
PLAINTIFF(S)

VS.

TRANS UNION
DEFENDANT(S)

SUMMONS
(PERSONAL SERVICE ON A NATURAL PERSON)

TO DEFENDANT(S):
TRANS UNION

ALTERNATE ADDRESS:

4530 CONFERENCE WAY S.
BOCA RATON FL 33431

**IMPORTANT**

A LAWSUIT HAS BEEN FILED AGAINST YOU. YOU HAVE **20 CALENDAR DAYS** AFTER THIS SUMMONS IS SERVED ON YOU TO FILE A WRITTEN RESPONSE TO THE ATTACHED COMPLAINT WITH THE CLERK OF THIS COURT. A PHONE CALL WILL NOT PROTECT YOU. YOUR WRITTEN RESPONSE, INCLUDING THE CASE NUMBER GIVEN ABOVE AND THE NAMES OF THE PARTIES, MUST BE FILED IF YOU WANT THE COURT TO HEAR YOUR SIDE OF THE CASE. IF YOU DO NOT FILE YOUR RESPONSE ON TIME, YOU MAY LOSE THE CASE, AND YOUR WAGES, MONEY, AND PROPERTY MAY THEREAFTER BE TAKEN WITHOUT FURTHER WARNING FROM THE COURT. THERE ARE OTHER LEGAL REQUIREMENTS. YOU MAY WANT TO CALL AN ATTORNEY RIGHT AWAY. IF YOU DO NOT KNOW AN ATTORNEY, YOU MAY CALL AN ATTORNEY REFERRAL SERVICE OR A LEGAL AID OFFICE (LISTED IN THE PHONE BOOK).

IF YOU CHOOSE TO FILE A WRITTEN RESPONSE YOURSELF, AT THE SAME TIME YOU FILE YOUR WRITTEN RESPONSE TO THE COURT YOU MUST ALSO MAIL OR TAKE A COPY OF YOUR WRITTEN RESPONSE TO THE PLAINTIFF OR PLAINTIFF(S) ATTORNEY NAMED BELOW:

LISARDO MANZANET GARCIA    3839 SIERRA DR. LAKE WORTH FL 33461
LMANZANET@GMAIL.COM    561-669-2905

"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr. Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

### IMPORTANTE

USTED HA SIDO DEMANDADO LEGALMENTE. TIENE 20 DIAS CONTADOS A PARTIR DEL RECIBO DE ESTA NOTIFICACION PARA CONTESTAR POR ESCRITO LA DEMANDA ADJUNTA Y PRESENTARLA ANTE ESTE TRIBUNAL. UNA LLAMADA TELEFONICA NO LO PROTEGERA. SI USTED DESEA QUE EL TRIBUNAL CONSIDERE SU DEFENSA, DEBE PRESENTAR SU RESPUESTA POR ESCRITO, INCLUYENDO EL NUMBERO DEL CASO Y LOS NOMBRES DE LAS PARTES INTERESADAS. SI USTED NO CONTESTA LA DEMANDA A TIEMPO, PUDIESE PERDER EL CASO Y PODRIA SER DESPOJADO DE SUS INGRESOS Y PROPIEDADES O PRIVADO DE SUS DERECHOS, SIN PREVIO AVISO DEL TRIBUNAL. EXISTEN OTROS REQUISITOS LEGALES. SI LO DESEA, PUEDE USTED CONSULTAR A UN ABOGADO INMEDIATAMENTE. SI NO CONOCE A UN ABOGADO, PUEDE LLAMAR A UNA DE LAS OFICINAS DE ASISTENCIA LEGAL QUE APARECEN EN LA GUIA TELEFONICA.

SI DESEA RESPONDER A LA DEMANDA POR SU CUENTA, AL MISMO TIEMPO EN QUE PRESENTA SU RESPUESTA ANTE EL TRIBUNAL, DEBERA USTED ENVIAR POR CORREO O ENTREGAR UNA COPIA DE SU RESPUESTA A LA PERSONA DENOMINADO ABAJO COMO PLAINTIFF/PLAINTIFF(S) ATTORNEY (DEMANDANTE O ABOGADO DEL DEMANDANTE):

_____
_____
_____

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

### IMPORTANT

DES POURSUITES JUDICIARIES ONT ETE ENTREPRISES CONTRE VOUS. VOUS AVEZ 20 JOURS CONSECUTIFS A PARTIR DE LA DATE DE L@ASSIGNATION DE CETTE CITATION POUR DEPOSER UNE REPONSE ECRITE A LA PLAINTE CI-JOINTE AUPRES DE CE TRIBUNAL. UN SIMPLE COUP DE TELEPHONE EST INSUFFISANT POUR VOUS PROTEGER; VOUS ETES OBILIGE DE DEPOSER VOTRE RESPONSE ECRITE, AVEC MENTION DU NUMERO DE DOSSIER CI-DESSUS ET DU NOM DES PARTIES NOMMEES ICI, SI VOUS SOUHAITEZ QUE LE TRIBUNAL ENTENDE VOTRE CAUSE. SI VOUS NE DEPOSEZ PAS VOTRE REPONSE ECRITE DANS LE RELAI REQUIS, VOUS RISQUEZ DE PERDRE LA CAUSE AINSI QUE VOTRE SALAIRE, VOTRE ARGENT, ET VOS BIENS PEUVENT ETRE SAISIS PAR LA SUITE, SANS AUCUN PREAVIS ULTERIEUR DU TRIBUNAL. IL Y A D@AUTRES OBLIGATIONS JURIDIQUES ET VOUS POUVEZ REQUERIR LES SERVICES IMMEDIATS D@UN AVOCAT. SI VOUS NE CONNAISSEZ PAS D@AVOCATS OU A UN BUREAU D@ASSISTANCE JURIDIQUE (FIGURANT A L@ANNUAIRE DE TELEPHONES).

SI VOUS CHOISISSEZ DE DEPOSER VOUS-MEME UNE REPONSE ECRITE, IL VOUS FAUDRA EGALEMENT, EN MEME TEMPS QUE CETTE FORMALITE, FAIRE PARVENIR OU EXPEDIER UNE COPIE DE VOTRE REPONSE ECRITE AU ~~APLAINTIFF/PLAINTIFF(S) ATTORNEY@ (PLAIGNANT OU A SON AVOCAT) NOMME CI-DESSOUS.~~

_____
_____

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: YOU ARE COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS LAWSUIT ON THE ABOVE NAMED DEFENDANT(S).

DATED: **AUG 2 6 2024**

Joseph Abruzzo,
Clerk of the Circuit Court & Comprtoller

BY: _____
AS DEPUTY CLERK   M. Ali

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AH"
CASE NO.: 502024CA007765XXXAMB

LISANDRO MANZANET GARCIA,
    Plaintiff/Petitioner

vs.

CONSUMER CREDIT UNION,
SECURE COLLATERAL MANAGEMENT LLC,
ALLIED SOLUTIONS,
et al.,
    Defendant/Respondents.
_____/

## ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN, DESIGNATING CASE TO THE STREAMLINED TRACK, ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES
(DCMSNT)

**THIS MATTER** is a Circuit Civil case calling for a non-jury trial. Accordingly, it is:

**ORDERED AND ADJUDGED** that pursuant to Administrative Order 3.110 (as amended), this case is designated to the **STREAMLINED TRACK**. The deadlines established by this Order are to ensure the case is **disposed of within 12 months from the date of filing**. To that end, the following procedures and deadlines shall be strictly observed:

### I. SERVICE OF THIS ORDER, ACTIVE CASE MANAGEMENT AND NON-COMPLIANCE

**Plaintiff/Petitioner is directed to serve this Order** upon each Defendant/Respondent with the Initial Complaint/Petition and Summons. The deadlines and procedures set forth herein are firm and may be modified only upon a showing of a good faith attempt to comply with the deadlines or demonstration of a significant change of circumstances and through the process established in the 15th Circuit's Administrative Order 3.110 (as amended).

The parties are expected to actively manage the case and to confer early and often to ensure compliance with this order and timely resolution of the case. The parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism, and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements.

**Self-Represented/Pro se litigants** (i.e. those without counsel) are held to the same obligations imposed upon counsel.

**Motions to extend deadlines** must be filed *prior* to the deadline. Untimely motions will be denied absent compelling circumstances and showing of good cause.

**NONCOMPLIANCE WITH THIS ORDER, ABSENT A SHOWING OF GOOD**

CAUSE, MAY RESULT IN DISMISSAL OF THE ACTION, THE STRIKING OF PLEADINGS, WITNESSES, OR EXHIBITS, REMOVAL OF THE CASE FROM THE DOCKET, DEFAULT OR ANY OTHER APPROPRIATE SANCTION.

The failure to act in good faith and comply with this order must be reported, if not resolved through a conference of the parties and good faith conferral, by filing a "Suggestion of Non-Compliance with Pre-Trial Order" that must be set for hearing in a timely manner. The Suggestion must name the non-compliant person, describe the act of non-compliance, be served upon all parties and sent to the Court's chambers. Responses may only be submitted upon request of the Court. Failure to correct any non-compliance before the hearing may result in sanctions as described above. The parties will notify the Court immediately if non-compliance is cured; if cured more than 7 days before the hearing, the hearing may be cancelled.

## II. SCHEDULING, CONTINUANCES AND PRETRIAL DEADLINES

**A CASE MANAGEMENT CONFERENCE and CALENDAR CALL will be held on July 25, 2025.** The parties must be ready to try the case by that day. The specific time of Case Management Conference, and procedures for conducting Calendar Call can be found on the Division's webpages at www.15thcircuit.com. The Calendar Call may be conducted in-person or by e-calendar. <u>This Order serves as notice to the parties that failure to attend the Case Management Conference and Calendar Call will result in an Order of Dismissal without prejudice, or entry of default, without further notice or hearing. See Fla. R. Civ. P. 1.200(j)(6).</u>

The trial period begins the first business day of the immediately following week after the above-listed Case Management Conference and Calendar Call, unless otherwise described in the divisional instructions or by court order.

**TRIAL CONTINUANCES:** If a case cannot be ready for trial by the Calendar Call despite all good faith efforts, a motion to continue trial must be set for a Differentiated Case Management (DCM) Conference as described in the 15th Circuit's Administrative Order 3.110 (as amended) and the next paragraph. Any motion to continue the trial must comply with Fla. R. Civ. P. Rule 1.460, including that they are signed by the client. The Motion must be filed and the DCM Conference set no more than **30 DAYS** from the last defendant being served or as soon as circumstances giving rise to the need for a continuance becomes known and only for good cause. Every motion for a continuance must include a proposed Amended DCMO resetting each pretrial deadline that remains applicable and indicating the month the case can be ready for trial.

**DCM CONFERENCES:** DCM conferences are scheduled through the Circuit's Online Scheduling System under DCM- Case Management Conference Scheduling. No less than ten (10) days in advance of the DCM Conference the parties must file with the Clerk a Joint Status Report that:

1. Concisely updates the Court on the status of the case,
2. Identifies pending motions and other matters the Court needs to address, and
3. If applicable, provides a proposed revised pretrial schedule.

The parties must upload the Joint Status report at least 7 days in advance of a DCM Conference through the e-courtesy feature of the Circuit's Online Scheduling System. The

parties are to be prepared at the DCM Conference to address the topics listed in Rule 1.200(a) and for the court, at its discretion, to hear or set for hearing any pending motions.

**The following deadlines (discussed in detail below) apply unless otherwise modified by the Court:**

| | EVENTS | DESCRIPTION | COMPLETION DEADLINE |
|---|---|---|---|
| 1. | Service of Complaint | See Part III.A, infra | December 17, 2024 Service under extension is only by court order. |
| 2. | Pleading Amendments/ Adding parties | See Part III.B, infra | February 15, 2025 |
| 3. | Resolution of all motions/objections directed to the pleadings (*i.e. to dismiss or strike*) and pleadings closed * | See Part III.B, infra | February 15, 2025 |
| 4. | Expert Witnesses and Compulsory Examinations | See Part III.D, infra | June 10, 2025 |
| 5. | Witness & Exhibit Lists | See Part III.C, infra | June 10, 2025 |
| 6. | Rebuttal Witness Lists | See Part III.E, infra | June 20, 2025 |
| 7. | Filing Summary Judgment & *Daubert* Motions | See Part III.J, infra | June 25, 2025 |
| 8. | Discovery Cut-Off | See Part III.H, infra | June 25, 2025 |
| 9. | Pre-trial Meet & Confer | See Part III.I, infra | July 10, 2025 |
| 10. | Deposition Designations | See Part III.G, infra | July 15, 2025 |
| 11. | Deadline for Mediation | See Part IV, infra | July 15, 2025 |
| 12. | Deadline to hear ALL Motions | See Part III.J, infra | July 20, 2025 |
| 13. | Trial Ready Date ** | See Part II, supra | July 25, 2025 |

**Fla. R. Gen. Prac. & Jud. Admin. Rule 2.514 governs if any deadlines falls on a weekend or holiday.**

*The parties must expeditiously address any motions directed to the pleadings. Defensive motions under Rule 1.140 of the Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue shall be set for hearing **within five (5) days** of filing. The motion should be scheduled for hearing at the earliest date that the Court and parties are available.

**The Court reserves the authority to expedite the trial setting and amend the pretrial deadlines accordingly.

### III. UNIFORM PRE-TRIAL PROCEDURE

#### A. Timely Service and Defaults:

Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within 90 days, an Order will be issued directing service by the **120 DAY**

**DEADLINE.** Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **30 days** of the last default and set for hearing at the next available hearing time.

B. **Amendment of Pleadings, Motions Directed at Pleadings and Notice for Trial:**

Any Motions to Amend Pleadings to add parties must be filed no later than the first business day **180 DAYS AFTER THE CASE IS FILED.**

The parties must expeditiously address any other motions directed to the pleadings. Defensive motions under Rule 1.140 of the Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue must be set for hearing within **5 days** of filing to be heard at the earliest date that the Court and parties are available.

If the pleadings are not closed and the case not at issue **180 DAYS AFTER FILING**, the parties must appear for a DCM Conference to be noticed and held in accordance within the 15th Circuit's Administrative Order 3.110 (as amended) and Divisional Instructions located on the Circuit's website for the Division to which the case is assigned.

C. **Exhibits and Witnesses.** On the last business day no later than **45 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of all trial exhibits, names and addresses of all trial witnesses.

D. **Expert Witnesses and Compulsory Medical Examinations.** If Expert Witnesses or Compulsory Medical Examinations are anticipated, the Parties must confer and establish a schedule for completing related discovery, including deadlines for disclosures, written discovery, depositions and motions directed at Experts or Compulsory Medical Examiners that will result in the completion of Expert/CME Discovery and resolution of Motions directed at them at least **45 DAYS BEFORE TRIAL.**

If agreed, the parties must submit a proposed Expert/CME Scheduling Order for entry by the Court. If not, the parties must appear for a DCM Case Management Conference.

**Expert Disclosures:** In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties must provide:

1. The subject matter about which the expert will testify;
2. The substance of facts and opinions to which the expert will testify;
3. A summary of the grounds for each opinion;
4. A copy of any written reports issued by the expert; and
5. A copy of the expert's curriculum vitae.

**One Expert Per Specialty:** The parties will be limited to one expert witness per

specialty unless they obtain leave of Court to list and call more than one expert witness per specialty, no later than 60 days prior to calendar call.

E. **Rebuttal Witnesses and Exhibits.** On the last business day no later than **35 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of names and addresses of all rebuttal witnesses and lists of any rebuttal exhibits.

F. **Additional Exhibits, Witnesses Or Objections.** At trial, the parties will be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

G. **Deposition Designations.** No later than **10 DAYS PRIOR TO CALENDAR CALL**, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony. No later than **8 DAYS PRIOR TO CALENDAR CALL**, each opposing party is to serve any counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than **5 DAYS BEFORE** calendar call, each party must serve any objections to counter designations served by an opposing party.

H. **Discovery Cutoff.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **30 DAYS PRIOR TO CALENDAR CALL** absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. **Pre-Trial Meet and Confer**. On the last business day no later than **15 DAYS PRIOR TO CALENDAR CALL**, the parties must confer and:

   1. Discuss settlement;
   2. Simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
   3. Prepare a Pre-Trial Stipulation in accordance with paragraph K; and
   4. List all objections to trial exhibits.

J. **Motions:** The Parties must plan for, file and timely set hearings for any motions they expect the Court to address in advance of trial. **No motions will be heard the day of trial.** Few are appropriate after Calendar Call. The parties must confer early in the case and coordinate briefing and discovery schedules, as necessary, to ensure motions are timely heard.

While motion practice is critical to the advancement and streamlining of a case, the Parties are reminded they **DO NOT have an absolute right to most motions being**

Case No. 50-2024-CA-007765-XXXA-MB

heard. Failure to timely file and set motions for hearing in advance of Calendar Call will likely result in the Court denying a request for hearing. Failure to file and have a motion heard is not grounds for a trial continuance.

**Summary Judgment and *Daubert* Motions** must be filed at least **30 DAYS prior to Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions to motions in limine), must be heard no less than **5 days before Calendar Call**. Parties must plan and seek hearing time sufficiently in advance to ensure this deadline is met.

The Court reminds the parties that unless an advance ruling will assist in preparation and reduction of hearing time, Motions in Limine and Daubert Motions at bench trials typically duplicate judicial effort.

K. **Filing of Pre-Trial Stipulation.** It is the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **15 DAYS PRIOR TO CALENDAR CALL**. Unilateral pretrial statements are disallowed, unless approved by the Court, after notice and hearing showing good cause. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation must contain in separately numbered paragraphs:

1. A list of all pending motions including *Motions in Limine* and *Daubert* Motions requiring action by the Court and the dates those motions are set for hearing. **Motions not listed are deemed waived.**
2. Stipulated facts requiring no proof at trial which may be read to the trier of fact;
3. A statement of all issues of fact for determination at trial;
4. Lists of exhibits itemized as follows:

    a. Exhibits to be admitted by Plaintiff without objection;
    b. Exhibits to be admitted by Defendant without objection;
    c. Objected to Exhibits, with the specific basis for the objection stated

    Note: Reasonably specific description of each exhibit is required. Non-specific descriptions like "all documents produced in discovery" will be stricken. Moreover, Objections may not be "reserved." Failure to specify an objection constitutes its waiver.
5. Each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses must be on separate schedules attached to the Stipulation;
6. A statement of total estimated time for trial, including the time needed per side for (1) opening arguments, (2) each case in chief, and (3) closing arguments.
7. Names of attorneys to try case and their contact information.

Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as

provided above may result in the case being stricken from the Court's calendar or other sanctions, including dismissal or default.

L. **Pre-Trial Conference pursuant to Fla. R. Civ. P. 1.200** If a pre-trial conference is set upon motion of a party or by the Court, counsel must meet and prepare a stipulation pursuant to paragraph K, infra, and file the stipulation no later than 5 **DAYS BEFORE THE CONFERENCE**. Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Absent prior approval, Motions for Summary Judgment will not be heard at any pre-trial conference.

M. **Pre-Marking Exhibits.** Prior to trial, each party is to mark for identification all exhibits, as directed by the clerk. (instructions and templates found at www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence)

N. **Unique Questions Of Law.** Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

## IV. MEDIATION

A. All parties are required to participate in mediation as follows:

1. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.
2. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.
3. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.
4. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. The Plaintiff's attorney is responsible for scheduling mediation. The parties should agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. **Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than 10 DAYS PRIOR TO CALENDAR CALL.** If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.



50-2024-CA-007765-XXXA-MB    08/20/2024
Reid P. Scott
Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

# ADA NOTICE

This notice is provided pursuant to Administrative Order No. 2.207-7/22

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr.,

kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO: 50 2024CA007765 XXXX MB

LISARDO MANZANET GARCIA

  Plaintiffs,

COPY
RECEIVED FOR FILING

AUG 1 9 2024

JOSEPH ABRUZZO
Clerk of the Circuit Court & Comptroller
CIRCUIT CIVIL DIVISION

vs.

"MASTERMINDS" CONSUMERS CREDIT UNION, )
ALLIED SOLUTIONS )
"CO-CONSPIRATORS" SECURE COLLATERAL ) Complaint
MANAGEMENT LLC, TRANSUNION, EQUIFAX, )
EXPERIAN, AGR RECOVERY SPECIALIST, )
AGR RECOVERY SOUTHWEST INC., )

  Defendants,

  Plaintiff, LISARDO MANZANET GARCIA Brings forth causes of actions and alleges the following:

- Plaintiff, LISARDO MANZANET GARCIA, is a man and resident of **3839 Sierra Drive, Lake Worth Fl, 33461**
- Defendants, CONSUMER CREDIT UNION is legally define as business entity located at: 300 N. Field Drive Lake Forest IL 60045
- Defendant, SECURE COLLATERAL MANAGEMENT LLC is legally define as a business entity located at: 9330 Lyndon B Johnson Fwy #700, Dallas, TX 75243
- Defendant, ALLIED SOLUTIONS is legally define as business entity located at: 350 Veterans Way Carmel, IN 46032
- Defendant, TRANSUNION is legally define as business entity located: PO Box 2000, Chester, PA 19016-2000
- Defendant, EXPERIAN is legally define as business entity with the mailing address: PO BOX 9701, Allen, TX 75013
- Defendant, EQUIFAX is legally define as business entity with the mailing address: PO Box 740256, Atlanta, GA 30374-0256
- Defendants, AGR RECOVERY SPECIALIST AND/OR AGR RECOVERY SOTHWEST INC. is legally define as business entity located: 7368 Westport Place West Palm Beach, FL33413

  Plaintiff brings forth the following counts and allegations supporting Plaintiff's cause of action:

- Contact validation request was sent to the defendant CONSUMER CREDIT UNION along with ALLIED SOLUTIONS aka "masterminds" lienholders following Fla. Stat. § 687.0304 (2) (**Exhibit 1**) are the documents provided by CONSUMER CREDIT UNION that include a letter staten that the plaintiff is **"Not entitle to the information demanded" "non sense they read on the internet" "your letter has no legal effect whatsoever"** and copy of the loan agreement not signed by both parties as the Fla. Stat. § 687.0304 (2) required

- Completely dismissing and dishonoring the Plaintiff legally base allegations in the dispute and entering in default Fla. R. Civ. P. 1.500 making illegal any subsequent actions from all the defendants against the Plaintiff
- In the letter and the subsequent communications Plaintiff demanded to Defendants CONSUMER CREDIT UNION AND "CO-CONSPIRATORS" TRANSUNION, EQUIFAX, EXPERIAN to cease and desist from exchanging any personal information or reporting to a third party without the plaintiff authorization Florida Statutes Title XLVI. Crimes § 817.568(b) (**Exhibit 2**) FDCPA 15 USC CHAPTER 41 §1692c. (a)(b)(c)
- As a results of the "Reporting" the account of the Plaintiff as "delinquent" with the CO-CONSPIRATORS and defendants TRANSUNION, EQUIFAX, EXPERIAN, the credit history of the Plaintiff and his reputation is being damage to the point of not be able to ask for any loan, or credit impelling the plaintiff of conduct normal business like purchasing a house, plans that should be completed or at least in progress by now August 2024. Florida Statutes Title XLVI. Crimes § 836.05
- After many unresponsive unwriting communications to Defendants CONSUMER CREDIT UNION AND defendants CO-CONSPIRATORS TRANSUNION, EQUIFAX, EXPERIAN demanding the personal and financial information disclosure was not authorized FDCPA 15 USC CHAPTER 41 §1692c. (a)(b)(c) and FCCPA Florida statutes § 559.55 to 559.785 and Florida Statutes Title XLVI. Crimes § 836.05. They started an aggressive collections calls (Last call registered August 8, 2024 at 12:50 EST leaving a voicemail (**Exhibit 3**) Florida Statutes Title XLVI. Crimes § 836.05
- A Racketeer Influenced and Corrupt Organization Act (RICO) violation will be submitted as a criminal referral to the Florida Attorney general.
- US Postal Service mail fraud mail fraud 18 U.S.C. § 1341 criminal referral
- On August 12, 2024 around 3 am EST as registered by the property security cameras the CO-CONSPIRATORS and defendants AGR RECOVERY SPECIALIST AND/OR AGR RECOVERY SOUTHWEST INC "the enforcer" without a warrant from the court as the FOURTH AMENDMENT of the UNITED STATES OF AMERICA Constitution required and apparently not registered as a corporation or "INACTIVE" to do business in Florida since September 24, 2021 when the corporation submit "ADMIN DISSOLUTION FOR ANNUAL REPORT" (**Exhibit 4**) "seizure" the Plaintiff property **2020 MITSUBISHI ECLIPSE CROSS VIN:JA4AS3AA7LZ032784** requesting a ransom of $2642.26 "NOT NEGOTIABLE" if the Plaintiff wants the vehicle back as stated in the email sent by Mr. Daryl J. Lobo, Senior Loan Sales Specialist for the defendant CONSUMER CREDIT UNION (**Exhibit 5**) and later ratified in a "NOTICE OF SEIZURE" sent by AGR RECOVERY SPECIALISTS dated August 13, 2024 by the postal service. (**Exhibit 6**) name ALLIED SOLUTIONS AND CONSUMERS CREDIT UNION as Lienholders aka "masterminds" and SECURE COLLATERAL MANAGEMENT LLC as the "Client"
- Defendant, CONSUMER CREDIT UNION inability or unwilling to proof the validity of the contract after many attempts from the Plaintiff bring this case to a default Fla. R. Civ. P. 1.500 and all/any of the subsequent actions agains Plaintiff were illegal including mail fraud 18 U.S.C. § 1341

### Damages

WHEREFORE, Plaintiff seeks compensatory damages in the amount of $10,000.00 for each defendant plus $5,000.00 representation and all costs incurred by Plaintiff in connection with this action submitted to the court.

Additionally, Plaintiff seeks:

- Defendant, CONSUMER CREDIT UNION cancellation on the illegal contract, reimbursement of all the money sent under an illegal contract plus 20% interest plus and $100,000.00 because they are the "mastermind" "the criminal enterprise boss" as the evidence show on the complaint

- Defendant, ALLIED SOLUTIONS as a "mastermind" on the criminal enterprise Lienholder on the complaint $100,000.00
- Defendant, TRANSUNION removal of any negative information from the credit report immediately and cease and desist from sharing, selling, purchasing any personal or financial information from the Plaintiff without the plaintiff in writing authorization and no future report of personal and financial information is authorized FDCPA 15 USC CHAPTER 41 §1692c. (a)(b)(c) and FCCPA Florida statutes § 559.55 to 559.785 and Florida Statutes Title XLVI. Crimes § 836.05
- Defendant, EXPERIAN removal of any negative information from the credit report immediately and cease and desist from sharing, selling, purchasing any personal or financial information from the Plaintiff without the plaintiff in writing authorization and no future report of personal and financial information is authorized FDCPA 15 USC CHAPTER 41 §1692c. (a)(b)(c) and FCCPA Florida statutes § 559.55 to 559.785 and Florida Statutes Title XLVI. Crimes § 836.05
- Defendant, EQUIFAX removal of any negative information from the credit report immediately and cease and desist from sharing, selling, purchasing any personal or financial information from the Plaintiff without the plaintiff in writing authorization and no future report of personal and financial information is authorized FDCPA 15 USC CHAPTER 41 §1692c. (a)(b)(c) and FCCPA Florida statutes § 559.55 to 559.785 and Florida Statutes Title XLVI. Crimes § 836.05
- Defendant, AGR RECOVERY SPECIALISTS will paid $100.00 rental fee per day beginning August 12, 2024 3am EST in cycles of 24 hours until the property seizure is returned, and because the defendant in not in possession of the property title nor his actions were legal because of the default of the Defendant CONSUMER CREDIT UNION Fla. R. Civ. P. 1.500, this complaint will serve as a True Bill for AGR RECOVERY SPECIALIST and the property 2020 MITSUBISHI ECLIPSE CROSS VIN:JA4AS3AA7LZ032784 will be taken to a professional mechanic like PALM BEACH MITSUBISHI (example) for inspection at the defendant expense and any damage caused by the pulling the car with the brakes on will be covered by the defendant like but not limited to tires, aliment, paint etc. conducting business after they resolve the corporation Fla. Stat. § 617.1405 and mail fraud 18 U.S.C. § 1341
- Attorneys' fees: Pursuant to Fla. R. Civ. P. 1.442(c)(2)(F) and Section 768.79, Fla. Stat, Plaintiff, LISARDO MANZANET GARCIA state attorney's fees are not part of the Plaintiff legal claims against Defendants, CONSUMER CREDIT UNION, SECURE COLLATERAL MANAGEMENT LLC., ALLIED SOLUTIONS, TRANSUNION, EXPERIAN, EQUIFAX, AGR RECOVERY SPECIALIST AND/OR AGR RECOVERY SOTHWEST INC.

### Criminal Referral

Defendant inability or unwilling to proof the validity of the contract bring it to a default Fla. R. Civ. P. 1.500 and the subsequent actions agains Plaintiff were illegal, mail fraud 18 U.S.C. § 1341 and the Plaintiff brings forth the following counts and allegations supporting.

- Defendant, CONSUMER CREDIT UNION Florida Statutes Title XLVI. Crimes § 817.568(b) and mail fraud 18 U.S.C. § 1341
- Defendant, TRANSUNION Florida Statutes Title XLVI. Crimes § 817.568(b)
- Defendant, EQUIFAX Florida Statutes Title XLVI. Crimes § 817.568(b)
- Defendant, EXPERIAN Florida Statutes Title XLVI. Crimes § 817.568(b)
- Defendant, ALLIED SOLUTIONS Racketeer Influenced and Corrupt Organization Act (RICO) as "mastermind" and mail fraud 18 U.S.C. § 1341
- Defendant, CONSUMER CREDIT UNION Racketeer Influenced and Corrupt Organization Act (RICO) as "mastermind" and mail fraud 18 U.S.C. § 1341
- Defendant, ALLIED SOLUTIONS Racketeer Influenced and Corrupt Organization Act (RICO) as "mastermind"

- Defendant, TRANSUNION Racketeer Influenced and Corrupt Organization Act (RICO) as CO-CONSPIRATOR
- Defendant, EQUIFAX Racketeer Influenced and Corrupt Organization Act (RICO) as CO-CONSPIRATOR
- Defendant, EXPERIAN Racketeer Influenced and Corrupt Organization Act (RICO) as CO-CONSPIRATOR
- Defendant, SECURE COLLATERAL MANAGEMENT LLC Racketeer Influenced and Corrupt Organization Act (RICO) as CO-CONSPIRATOR and name on Exhibit 6 as the "client" and mail fraud 18 U.S.C. § 1341
- Defendant, AGR RECOVERY SPECIALIST AND/OR AGR RECOVERY SOUTHWEST INC Racketeer Influenced and Corrupt Organization Act (RICO) as CO-CONSPIRATOR aka in this complaint as the "enforcer" for the criminal enterprise and mail fraud 18 U.S.C. § 1341
- Defendant, AGR RECOVERY SPECIALIST AND/OR AGR RECOVERY SOUTHWEST INC aka in this complaint as the "enforcer" for the criminal enterprise Fla. Stat. § 617.1405 and mail fraud 18 U.S.C. § 1341

Respectfully submitted this 21 day of August, 2024 by LISARDO MANZANET GARCIA, Plaintiff

*[signature]* TTEE

Manzanet: Dr. Lisardo A., TTEE
Address:
3839 Sierra Dr.
Lake Worth, Fl 33461
Phone: 561-669-2905
email: dr.AmyrManzanet@outlook.com
Trustee for the Plaintiff