UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-81141-DIMITROULEAS/MATTHEWMAN

LISADRO MANZANET GARCIA,

    Plaintiff,

v.

CONSUMER CREDIT UNION, ALLIED
SOLUTIONS, SECURE COLLATERAL
MANAGEMENT LLC, TRANSUNION
LLC, EQUIFAX INFORMATION
SERVICES, LLC, EXPERIAN
INFORMATION SERVICES, LLC,
AGR RECOVERY SPECIALIST, AGR
RECOVERY SOUTHWEST, INC.,

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON REFERRED MOTIONS [DE 25; DE 37]

THIS CAUSE is before the Court upon Defendants' Motion to Quash Service ("Motion to Quash") [DE 25] and Plaintiff's Motion for Cease-and-Desist and Return the Seized Property Until Court Judgment Is Reached ("Motion for Cease-and-Desist") [DE 37] ("Motions"). The Motions were referred to the Undersigned by the Honorable William P. Dimitrouleas, United States District Judge. [DE 27; DE 41]. The Motion to Quash is fully ripe for review. *See* DEs 34, 40. Further, Defendants filed a response to the Motion for Cease-and-Desist. *See* DE 58. Also, the Court held an in-person evidentiary hearing on the Motion to Quash. [DE 31]. The Court also held a hearing on the Motion for Cease-and-Desist on the same day. [DE 42]. Accordingly, the Court is fully advised of the Motions and their premises.

1

### I.  MOTION TO QUASH

#### A. Background

Defendants AGR Recovery Specialist and AGR Recovery Southwest, Inc. ("AGR Defendants") move to quash service. [DE 25]. Specifically, AGR Defendants assert they were not properly served under Federal Rule of Civil Procedure 4(h)(1) or Florida State section 48.081. *Id.* at 4. In support, AGR Defendants point out that AGR Recovery Specialist is a fictitious name owned by Aggressive Recovery, Inc. who is not a party in this case. *Id.* Further, AGR Defendants state that AGR Recovery Southwest, Inc. is an inactive Florida corporation which Plaintiff has not filed any return of service. *Id.* at 2. Lastly, AGR Defendants argue that the attempted substitute service on a "supervisor" for AGR Recovery Specialist is improper. *Id.*

The Court then ordered Plaintiff to file a response to the Motion to Quash that "solely responds to Defendant's Motion [DE 25]." [DE 31]. Plaintiff's response failed to abide by the Court's Order. *See* DE 34. However, it seems that Plaintiff partly responds by arguing that by serving a "supervisor" under the fictitious name, service is proper for AGR Defendants under Florida Statute section 48.031. *See id.*

In reply, AGR Defendants state that they tried to resolve this issue by offering to waive service and allow Plaintiff to correct service. [DE 40 at 2]. However, Plaintiff refused this offer and "threatened to have Defendants' licenses revoked or otherwise ensure that its owners were placed in jail." *Id.* at 2 n.3.

At the evidentiary hearing, the Court again asked Plaintiff if he would be willing to correct or amend service. Plaintiff refused. The Court then proceeded with the evidentiary hearing where AGR Defendants introduced seven exhibits without objection. *See* DEs 60, 62, 65.

### B. Legal Standards

"[W]hen service of process is challenged, the party on whose behalf service is made has the burden of establishing its validity." *Familia de Boom v. Arosa Mercantil, S.A.*, 629 F.2d 1134, 1139 (5th Cir. 1980). Thus, Plaintiff must show that he effectuated service properly.

In general, Rule 4(h)(1) of the Federal Rules of Civil Procedure requires that a corporation be served

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Also, Federal Rule of Civil Procedure 4(e)(1) allows service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Under Florida Statute section 48.081(2), service on a corporation must first be attempted on the registered agent. If service cannot be made on a registered agent, process may then be served on "(a) [t]he chair of the board of directors, the president, any vice president, the secretary, or the treasurer of the domestic corporation or registered foreign corporation [or] (b) [a]ny person listed publicly by the domestic corporation or registered foreign corporation on its latest annual report, as most recently amended." §§ 48.081(3)(a)–(b), Fla. Stat.

### C. Analysis

Here, the return of service shows that Plaintiff served "AGR Recovery Specialist" by way of substitute service on Markie George, a "supervisor." [DE 65, Ex. D-1]. This service is improper in many respects.

First, the Court finds that the name "AGR Recovery Specialists" is a fictitious name owned by Aggressive Recovery, Inc. [DE 65, Ex. D-2]. A fictitious name is not a separate legal entity and has no independent existence under which the entity can be sued. *See Mastro v. Seminole Tribe of Florida*, 578 Fed. Appx. 801, 803 (11th Cir. 2014). Thus, AGR Recovery Specialist is incapable of being a defendant in this case.

Second, the Court finds that Markie George is not the registered agent for Aggressive Recovery, Inc. or AGR Recovery Southwest, Inc. [DE 65, Exs. D-4, D-5]. Plaintiff makes no mention of how he attempted to serve the listed registered agent, Christian Burns. *See* DE 65, Ex. 1. Further, even if Plaintiff could show that substitute service is proper, Plaintiff makes no showing to prove that Markie George is a proper person to serve under Florida Statute sections 48.081(3)(a)–(b).[1] Thus, service is improper under Rule 4(h) and § 48.081, Fla. Stat.

Third, the Court finds that AGR Southwest Recovery, Inc. was never served. *See* DE 65, Ex. D-1. Serving a fictitious name that has no legal existence cannot be the basis of service on a separate and distinct legal entity. *See Gulisano v. Burlington, Inc.*, 34 F.4th 935, 943 (11th Cir. 2022) (citations omitted); *Medlink Legal Sys., LLC v. QIMA Ltd.*, No. 21-22168-CIV, 2021 WL 8202274, at *2 (S.D. Fla. Aug. 4, 2021) (Altonaga, J.). Thus, any alleged service to AGR Southwest Recovery, Inc. is improper.

Fourth, the Court finds that Plaintiff has not named Aggressive Recovery, Inc. as a defendant. Any alleged service on the fictitious name of AGR Recovery Specialist cannot be attributed to the real party in interest, Aggressive Recovery, Inc. *See Gulisano*, 34 F.4th at 943; *Medlink Legal Sys., LLC*, 2021 WL 8202274, at *2.

---

[1] To note, Markie George is also not a person listed on the annual reports of Aggressive Recovery, Inc. or AGR Recovery Southwest, Inc. [DE 65, Exs. D-4, D-5].

4

Lastly, Plaintiff improperly relies on Florida Statute section 48.031. Effectuating service on a corporation must comply with Federal Rule of Civil Procedure 4(h) or Florida Statute section 48.081. As previously stated, Plaintiff's attempt at service does not comply.

In short, Plaintiff's service on "AGR Recovery Specialist" is defective as to the AGR Defendants and must be quashed.[2]

## II. MOTION FOR CEASE-AND-DESIST

### A. Background

Plaintiff moves for "an order requiring Defendants … to cease and desist from publishing, exchanging, selling any personal and financial information from the Plaintiff and the immediately return of the property (2020 Mitsubishi cross) illegally seized until a final judgment is reached in this case." [DE 37 at 1]. Plaintiff seemingly argues that he can make out the grounds for injunctive relief. *See id.* at 4.

In response, Defendants assert that Plaintiff does not have a legal basis for injunctive relief. [DE 58 at 3]. To support this, Defendants reiterate arguments made in their Motion to Dismiss. *Id.* Specifically, Defendants state that Plaintiff's Complaint is an impermissible shotgun pleading and therefore does not state a valid underlying claim. *Id.* Defendants also argue that Plaintiff cannot establish the elements of injunctive relief. *Id.* at 4–8.

At the hearing, Plaintiff stated that he voluntarily stopped making payments on his 2020 Mitsubishi Cross which was then repossessed. Plaintiff further stated that he believes that a court

---

[2] Although raised in the reply, AGR Defendants point out that no copy of the complaint was served along with the summons. [DE 40 at 3]. While the Court would not normally address an argument raised in a reply, in this case at the evidentiary hearing an exhibit was introduced without objection [DE 65, Ex. D-7] which proved this fact. Therefore, the Court finds that this is yet another reason why service is improper. FED. R. CIV. P. 4(c)(1); *see also* DE 65, Exs. D-1, D-7 (listing the documents that were served).

5

judgment should be reached before he is deprived of possession of his vehicle. However, counsel for Defendants stated that Plaintiff's car had already been sold at auction.

### B. Legal Standard

A preliminary injunction may be issued under Federal Rule of Civil Procedure 65 if the movant demonstrates that,

> (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Am. Civil Liberties Union of Fla., Inc. v. Miami–Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (quoting *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000)). While the decision to grant or deny a preliminary injunction is within the discretion of the district court, a preliminary injunction is an "extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." *Id.* (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)).

### C. Analysis

Notwithstanding Defendants' arguments regarding the deficiencies of Plaintiff's Complaint which will be ruled upon on Defendant's Motion to Dismiss which is not presently before or referred to the Undersigned, the Court finds that Plaintiff failed to meet his burden of proving the elements of a preliminary injunction.

First, Plaintiff failed to show a substantial likelihood of success on the merits. In support of this element, Plaintiff merely states that "Plaintiff can provide substantial evidence supporting the claims like certified letters, notifications court claims, against Defendants." [DE 37 at 4]. Plaintiff did not offer the Court any other relevant argument as to why he possesses a substantial likelihood of success on the merits at the hearing. Further, after a review of the Complaint, the

6

Court struggles to even decipher what Plaintiff is claiming, let alone determine that he has a substantial likelihood of success. *See* DE 1-1 at 14–17. Gathered from the Court's review of the record and from Plaintiff's statements at the hearing, Plaintiff essentially asserts that even though he stopped making payments on his car and defaulted on the loan, Defendants should not be able to repossess the car and accurately report Plaintiff's credit. Thus, Plaintiff fails to show a substantial likelihood of success for whatever claim or claims he may be bringing.

Second, Plaintiff failed to show an irreparable injury. "Irreparable injury must be neither remote nor speculative, but actual and imminent." *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 Fed. Appx. 502, 504 (11th Cir. 2007) (internal quotations and citation omitted). Plaintiff's alleged injuries fail to meet the irreparable standard. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) (citations omitted) ("The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Ultimately, Plaintiff fails to show an actual and imminent injury warranting his possession of his unpaid vehicle, which is impossible as the car has been sold at auction, and warranting halting Defendants from accurately reporting Plaintiff's credit.

Lastly, Plaintiff failed to meet his burden on the third and fourth elements. Defendants could not collect on their loan if they were unable to repossess the car. Also, Defendants could not meet their duties as credit reporting agencies if unable to accurately report, which is also important to the public interest. Thus, Plaintiff fails to establish that he is entitled to injunctive relief.

### III.     CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the District Judge **GRANT** the Motion to Quash [DE 25] and **DENY** the Motion for Cease-and-Desist [DE 37]. Lastly, the Court **DIRECTS** the Clerk of Court to mail a copy of this Report and Recommendation to Plaintiff Lisadro Manzanet Garcia at 3839 Sierra Drive, Palm Springs, FL 33461.

### IV.     NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 18th day of November 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge